In the Interest of A.M.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-370-CV

IN THE INTEREST OF A.M., A CHILD

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Maria V., a/k/a Carlotta M., appeals from the trial court’s order terminating her parental rights to her child, A.M.  In three issues, appellant challenges the legal and factual sufficiency of the evidence to support the grounds for termination and the trial court’s finding that termination is in A.M.’s best interest.  We will affirm.

In her first issue, appellant contends that the evidence is legally and factually insufficient to support the trial court’s finding that she knowingly placed or allowed A.M. to remain in conditions or surroundings that endangered her emotional and physical well-being.
(footnote: 2)  

A.M. was born to appellant in October 1990, when appellant was fourteen years old, and remained in her care until February 2000.  In 1994, 1997, and 2000, child protective services (CPS) investigated allegations that A.M. had been abused sexually by her father and two of appellant’s boyfriends.  The first investigation was inconclusive, but CPS concluded it had reason to believe that the latter two instances of sexual abuse had actually occurred.  

Appellant did not remove A.M. from the abusive situations even after she was aware of the allegations.  A.M. told CPS that she could not live with appellant because the people appellant lived with touched her private areas.  A.M. revealed to CPS her history of being sexually abused by various family members on a number of occasions.  Appellant admitted her inability to protect A.M., and in February 2000, A.M. and her brothers were removed from appellant’s home due to appellant’s “lack of protection.”  

Applying the appropriate standards of review,
(footnote: 3) we hold that this evidence is legally and factually sufficient to support the trial court’s finding that appellant knowingly placed or allowed A.M. to remain in conditions or surroundings that endangered her emotional and physical well-being.  Accordingly, we overrule appellant’s first issue.
(footnote: 4)
 In her third issue, appellant contends that the evidence is legally and factually insufficient to support the trial court’s finding that termination was in A.M.’s best interest.
(footnote: 5)  Appellant asserts that termination was not in A.M.’s best interest because there was nothing in appellant’s psychological or behavioral history that showed she would “put [A.M.] at risk,” there was no evidence that A.M.’s foster family at the time of trial was a suitable placement for her, and A.M.’s CASA advocate testified at trial that A.M. had “some real separation issues” and wanted to see her mother.  

The record shows that A.M. did not want to live with appellant because she did not want to be hurt anymore.  A.M. did not feel safe living with appellant and blamed appellant for not protecting her.  A.M.’s CASA advocate and her current CPS case worker both testified that termination of appellant’s parental rights would be in A.M.’s best interest.  At the time of trial, A.M. had been with her current foster family for eight months, had improved in school, and had changed from a quiet, withdrawn child to one who was outgoing, fun-loving, and “excited about everything.”  

Although A.M. wanted to see appellant at some point, she consistently stated that she wanted to live with and be adopted by her foster parents, even if it meant never seeing her mother again.  A.M.’s foster mother testified that she and her husband were “absolutely” interested in adopting A.M.  A.M.’s foster mother also testified that she was open to allowing visits between A.M. and appellant if A.M. wanted them and they were good for her.  

We hold that this evidence is legally and factually sufficient to support the trial court’s finding that termination of appellant’s parental rights was in A.M.’s best interest.
(footnote: 6)  Accordingly, we overrule appellant’s third issue.  Having disposed of all of appellant’s issues, we affirm the trial court’s order terminating appellant’s parental rights to A.M.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DELIVERED: July 8, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Fam. Code Ann.
 § 161.001(1)(D) (Vernon 2002).

3:
See In re J.F.C.,
 96 S.W.3d 256, 265-66 (Tex. 2002) (setting out legal sufficiency standard of review for termination cases); 
In re C.H.,
 89 S.W.3d 17, 25 (Tex. 2002) (setting out factual sufficiency standard of review for termination cases).

4:
In light of our holding with regard to this issue, we need not consider appellant’s remaining complaints attacking the sufficiency of the evidence to support the other grounds for termination.  
See
 
Tex. R. App. P.
 47.1.

5:
See
 
Tex. Fam. Code Ann.
 § 161.001(2).

6:
See J.F.C.,
 96 S.W.3d at 265-66; 
C.H.,
 89 S.W.3d at 25.